Opinion by
Porter, J.,
These appeals by the same appellant and in the same proceeding in which we have this day filed an opinion, at No. 8, October Term, 1911, ante, p. 564, affirming the final decree of the court below, may properly be considered together. The court below having during the proceeding made an order for the payment of alimony by the respondent, the latter paid the sum so ordered in full down to the date the libel was dismissed. Some time after the libelant had taken an appeal from the decree dismissing her libel and after the record was in this court, she presented a petition to the court below alleging that the respondent had paid the alimony, according to the order of the court, down to the date of the dismissal of the libel, but had refused to make payment for the time subsequent thereto, and prayed the court to issue an attachment, to compel the payment of the amount alleged to be owing for such subsequent period. The court refused to order the attachment to issue and from that action we have the appeal No. 95. The libelant' at the same time, after the record was in this court, applied to the court for an order on the respondent to pay the sum of $250 for costs and expenses incurred and to be incurred by libelant and $300 for counsel fees for extra services on behalf of libelant incurred and to be incurred. The court, after a hearing, refused to make such order and from that action we have the appeal No. 96. With the decree dismissing the libel the order of the court below for alimony terminated: Heilbron v. Heilbron, 158 Pa. 297. Waiving any question as to whether the appeal *582 by the libelant, after her libel had been dismissed, operated to revive the order of the court below for the payment of alimony, we are not satisfied that the action of the court below was erroneous. The orders, the refusal of which the appellant assigns for error, were matters with regard to which the court below was vested with discretion, neither the order itself nor the attachment to enforce it were matters of right: Stock v. Stock, 11 Phila. 324; Breig v. Breig, 34 Pa. C. C. Rep. 465. It was proper for the court in passing upon these matters to consider all the facts which had been developed during the proceeding. This litigation was not forced upon the appellant, she was not defending the validity of her marriage against an attack by the respondent. She had not alleged nor proved any misconduct by the respondent. She was contending that the marriage was null and void from its inception, that she had never been the wife of the respondent, and upon that ground was asserting her freedom from the marriage tie. She was not alleging that the respondent, in entering into the marriage relation, had perpetrated any fraud upon her. The respondent had maintained a home for her, but that home she had left, voluntarily, and without the consent of her husband. All these matters it was proper for the court to consider in disposing of the petitions presented by the libelant. We-are not satisfied that the conclusion reached by the court below involved any abuse of discretion.
The appeals are dismissed at cost of the appellant.