## Homrich *v.* Homrich, Appellant.

*Divorce—Adultery—Condonation—Evidence.*

In an action for divorce on the ground of adultery, which is admitted by the respondent, a divorce is properly granted, although evidence was introduced that the libellant, who was the husband, had condoned the offense, but such evidence was so vague, uncertain and unnatural as to be incredible.

Condonation as a defense in a suit for divorce on the ground of adultery must be established by a reasonable preponderance of credible testimony.

Argued November 9, 1920. Appeal, No. 194, Oct. T., 1920, by respondent, from decree of C. P. Berks County, April T., 1919, No. 41, granting a divorce in the case of Peter Homrich v. Lizzie Homrich. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to George M. Ermentrout, Esq., as master, who recommended that a divorce should be granted.

On exceptions to the master's report the court dismissed the exceptions and granted a divorce.

*Error assigned,* among others, was the decree of the court.

*George Eves,* and with him *William Kerper Stevens,* for appellant.

*John B. Stevens,* and with him *Charles K. Derr,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

Each of the five assignments in this appeal allege an error of the court below in overruling the exceptions filed to the report of the master. The validity of the decree depends on the sufficiency of the testimony adduced before the master to warrant his conclusions of fact and law, which were all reviewed in the opinion filed by the court below sustaining his report, in entering a decree of divorce.

After a careful examination of the whole record we feel that the determination of the master and the learned trial judge was fully justified. The right to the divorce, on the application of the husband depended entirely on the value of proof adduced on behalf of the wife, to establish the fact of condonation, of an admitted adulterous act on her part. The evidence of the husband and wife was contradictory as assertion and denial could make it. The supporting evidence of the wife is from her seventeen-year-old son, which is so uncertain in many particulars, and so unnatural in others, as to be almost unbelievable. The master had the witnesses before him, and refers specially to the hesitancy and uncertainty of the son's replies, and disposes of it as follows: "It is inconceivable, in the opinion of the master, that such a thing could take place, and, coupled with the hesitating manner in which Herman Homrich testified, the master

has concluded that the testimony is unworthy of belief and credence." The controlling fact testified to by the wife and her son were answered by an absolute denial in every material part by the husband and father.

After a careful examination of the whole record, we agree with the master and the court below, that the wife did not establish by a reasonable preponderance of credible testimony, that the fact of condonation was established, as required by our decisions: Koch v. Koch, 62 Pa. Superior Ct. 607; and further, that, under the record as presented, libellant is entitled to a divorce.

The decree is affirmed.