Norman S. White, Appellant, *v.* Beatrice M. White.

Argued March 22, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Oscar G. Wickersham* of *Wickersham and Wickersham,* for appellant.

*F. Brewster Wickersham* of *Metzger and Wickersham,* for appellee.

OPINION BY PARKER, J., July 14, 1932:

An appeal by the respondent in the same proceeding in which we have filed an opinion, at No. 25, March Term, 1932, 106 Pa. Superior Ct. 80, reversing the final decree, of the court below, may be properly considered with this case.

The court of common pleas entered a decree granting an absolute divorce and an appeal to this court was perfected by the respondent, when the wife pre-

sented a petition to the lower court asking for alimony pendente lite and counsel fees. This petition was presented while the record was yet in the lower court and a reasonable time in advance of the date, when, in the usual course, the appeal would be heard. The court made an order for the payment of alimony and counsel fees and the appellant in this appeal questions the power of the lower court to make such order. We have not been referred to any case in the appellate courts of this state deciding the precise question, nor have we been able to find such authority.

The appellant takes the position that when the appeal was perfected the lower court lost all control of any phase of the litigation. The rule with reference to the effect of an appeal on the jurisdiction of the lower court is thus stated in Ruling Case Law (2 R. C. L. 120): "When an appeal with a supersedeas or stay has been taken the jurisdiction of the trial court is suspended as to all matters *necessarily involved in the appeal*." (The italics are ours.) The same principle is stated in Corpus Juris (3 C. J. 1268): "An appeal or writ of error does not always deprive the lower court of all jurisdiction so as to prevent absolutely any action, even though such action is not in execution of the judgment appealed from; but, on the contrary, the case is often regarded as pending in the court of original jurisdiction for the purposes of proceedings other than such as pertain to the subject matter of the judgment itself, or to the appeal and the proper hearing thereof, and collateral or incidental matters necessary for the preservation of the fruits of the ultimate judgment or the status in quo of the parties are not placed beyond the jurisdiction and interference of the lower court." In the case of New Brighton & New Castle R. R. Co. v. Pittsburgh etc. R. R. Co., 105 Pa. 13, 23, it was held in an equity case after final decree and perfection of an appeal that

the lower court nevertheless retained the right to control the actions of the respective parties in so far as to preserve the status in quo of each. The making of an order such as was made in this case would not affect the matters which were the subject of the appeal or interfere with that appeal in any way. It would not affect the jurisdiction acquired by the appellate court or defeat the rights of either of the parties to prosecute such appeal. The order for alimony and expenses, although docketed properly in the same case, was a collateral matter aside from the appeal.

There is disagreement on the question involved among the authorities in other states. See 19 C. J. 281, Divorce. In the case of Schofield v. Schofield, 51 Pa. Superior Ct. 579, the libellant had an order for the payment of alimony which was paid to the date that the libel was dismissed. An appeal was taken and thereafter the libellant presented a petition alleging that the respondent had refused to pay alimony after the date of the dismissal of the libel. The lower court refused to require the payment of further alimony and on such refusal an appeal was taken to this court. Although the question of jurisdiction was raised, we there said: ''The orders, the refusal of which the appellant assigns for error, were matters with regard to which the court below was vested with discretion, neither the order itself nor the attachment to enforce it were matters of right. It was proper for the court in passing upon these matters to consider all the facts which had been developed during the proceeding.''

We are no longer dependent upon long established practice or the equitable powers of the court in granting alimony pendente lite, for it is provided by the Divorce Act of 1929, Section 46, that the court may upon petition in proper cases allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses. The logical and convenient forum for the

determination of such collateral matter is the common pleas court. While an appeal ordinarily suspends the operation of the decree of the court below and such court may not in any way interfere with the jurisdiction of the appellate court, a decree for alimony pendente lite, counsel fees and expenses does not interfere with the jurisdiction of the appellate court or in any way affect the decree appealed from. Such power was originally vested in the lower court and the cause is still pending in that court for the purpose sought to be attained by the petition presented. The conclusion at which we have arrived is in accord with that of a number of other jurisdictions. See Hunter v. Hunter, 100 Ill. 477; Pemberton v. Pemberton, (Ky.) 184 S. W. 378. The matter was properly decided by the learned judge of common pleas.

The appellant also complains of the amount fixed by the court. This was a matter peculiarly within the discretion of the lower court. Schofield v. Schofield, supra. An examination of the entire record satisfies us that there was no abuse of this discretion.

The judgment of the lower court is affirmed at the cost of the appellant.