## Hare, Appellant, *v.* Hare.

Argued October 21, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Arthur S. Arnold,* with him *Alma H. Arnold,* for appellant.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellee.

PER CURIAM, November 18, 1938:

This was an action of divorce brought by a husband against his wife on the ground of wilful and malicious desertion. The master recommended a divorce, but the court sustained exceptions to his report and dismissed the libel, for the reason that the evidence fails to show a wilful and malicious desertion of the libellant by the respondent, when she left the home of his invalid mother on Rockland Street, Philadelphia, where they had been staying and where the respondent was doing all the work, and went back to their own home in Elkins Park. Her reason for doing so, the evidence established, was that she was so sick from pregnancy that she could not continue to do the work in his mother's home.

We are all of opinion that the evidence justified the findings and decree of the lower court. The following extracts from its opinion give a brief but sufficient summary of the matter: "It is apparent that at the time the parties left the Elkins Park home, there was no intention to abandon the same in favor of the Rockland Street address. This is supported by the conduct of the parties in leaving most of the furniture in place, in failing to disconnect the electric light and water service and the apparent negotiations for a home loan mortgage. This conduct appears also to support respondent's contention that the removal to the Rockland Street address was under a temporary arrangement serving to reduce living expenses and to furnish care for the libellant's aged and infirm mother ......, A

careful reading of all the testimony leads us to conclude that the respondent did not leave the libellant with intent to desert him. At that time, being pregnant and unable to perform her household duties and the care of libellant's mother, she was justified in returning to the Elkins Park home. The libellant's disposition to help his mother is creditable to him but his first obligation is to his wife and expected child: *Hill v. Hill,* 96 Superior Ct. 410; *McCampbell v. McCampbell,* 64 Superior Ct. 143." See also *Horn v. Horn,* 17 Pa. Superior Ct. 486; *Reynolds v. Reynolds,* 62 Pa. Superior Ct. 280; *Isenberg v. Isenberg,* 75 Pa. Superior Ct. 551; *Hess v. Hess,* 105 Pa. Superior Ct. 596, 161 A. 743.

The libellant's conduct toward respondent after she went back to the home at Elkins Park, and his callous disregard of the child that was born some months after her departure—never once going to see it, down to the date of the hearing—shed some light on the main point at issue.

We are not satisfied, either, that, in the circumstances present in this case, the court below was guilty of an abuse of discretion in allowing respondent an additional counsel fee of $350 and $18 costs.

The assignments of error are overruled and the decree and order of the court below are respectively affirmed at the costs of the appellant.