Foust, Appellant, *v.* Foust.

Submitted March 7, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*A. A. Vosburg, A. Floyd Vosburg* and *Vosburg & Vosburg,* for appellant.

*Samuel Fallk,* for appellee.

Opinion by Baldrige, J., April 16, 1941:

We have before us two appeals, No. 42 February Term, 1941, and No. 64 February Term, 1941, which were argued together and will be disposed of in one opinion. The libellant filed an action in divorce alleging indignities and cruel and barbarous treatment. The case was heard by Judge Hoban who dismissed the libel, and after an appeal was taken made an order for the payment of $100 additional counsel fees and $40 to cover the cost of printing a paper book, which gave rise to the second appeal. There is no question involved in the first appeal other than the sufficiency of the evidence upon which to base a decree of divorce.

There was no testimony whatever to support the charge of cruel and barbarous treatment and after a careful consideration of all the testimony adduced we have reached the independent judgment that the libellant did not carry the burden of establishing his right to a divorce on the ground of indignities to the person by clear and satisfactory evidence: *Picciano v. Picciano,* 110 Pa. Superior Ct. 189, 168 A. 488; *Taylor v. Taylor,* 142 Pa. Superior Ct. 441, 16 A. 2d 651.

The parties to this action are each about 50 years of age and both had been previously married. Two of the children of the respondent by her prior marriage, a girl 8 years of age and a boy 19, lived in the home of their mother and stepfather. We will not attempt to recite all the testimony or detail the difficulties of this couple, which began a few weeks after their marriage. In substance the libellant's complaints are that his wife was guilty of ignoring him in the presence of others, of nagging him for money, frequently swearing at him, holding him up to ridicule before other people, neglecting to prepare his meals, calling him opprobrious epithets, ordering him out of the house on a number of occasions, and bringing to their home her sister, who created disturbances by attempting to dominate the

house. He was corroborated to some extent in some of these allegations.

The respondent flatly denied the principal charges and alleged that she was a dutiful wife, that their marital altercations were due entirely to the husband's habits and his attitude toward her; that he charged her with receiving attentions from other men, called her vile names, used profane language and violence toward her, and forbade her friends to visit her. She stated, in explaining the cause of his arrest, that he came home intoxicated, created a disturbance, attacked his sister-in-law, and herself when she was ill with the shingles. Certain features of her testimony were confirmed by other witnesses.

A review of all the testimony convinces us that these parties have incompatible tempers which caused marital irritation. The proof in its entirety, which consisted mainly of petty and trifling quarrels, was insufficient in quality and quantity to meet the requirements of the law by establishing a course of conduct upon the part of the wife that warrants a severance of the marital ties. See *Mathias v. Mathias,* 114 Pa. Superior Ct. 444, 174 A. 821.

That brings us to the second appeal. The appellant argues (1) that the lower court had no jurisdiction to make an order awarding additional counsel fees and costs after he had filed an appeal to this court, (2) that no depositions were taken after he had filed an answer denying his financial inability to meet these expenses, and (3) the order was excessive. We find no merit in any of these contentions.

In *Norman S. White v. Beatrice M. White,* 106 Pa. Superior Ct. 85, 161 A. 464, the lower court granted a divorce to the libellant, the husband, and the respondent filed an appeal to this court. Thereafter a petition was presented to the lower court asking for alimony pendente lite and counsel fees. We held that while an appeal ordinarily suspends the operation of the decree

of the court below, in a divorce case an order directing the payment of counsel fees and costs does not interfere with the jurisdiction of the appellate court or affect the decree appealed from. Such an order is a collateral matter aside from the appeal and a lower court may, within its proper discretion, notwithstanding the pending of an appeal, allow a wife reasonable alimony pendente lite, counsel fees, and costs.

In the petition the respondent averred that the libellant earns $132 per month and upwards. The libellant's answer thereto is not printed but from statements made by the court below in its opinion upon which we rely, it appears that he simply denied that he is financially able to pay such order and the court had no jurisdiction. Depositions were therefore unnecessary.

The lower court had, at the inception of the divorce proceeding, granted an allowance for counsel fees in the sum of $35. In view of the fact that this case was contested and required a considerable amount of professional labor, we do not find any abuse of discretion in the amount ordered to be paid, either as counsel fees or costs of printing the paper books on this appeal.

The order of the court below is affirmed.