Davis *v*. Davis, Appellant.

Argued April 29, 1941.

Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Wm. J. Graham,* with him *Clyde P. Bailey,* for appellant.

*H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee.

Opinion by Baldrige, J., July 18, 1941:

This appeal is from the decree of the court below granting a divorce to the husband on the ground of adultery. The respondent admitted the averments in the libel but alleged that her husband had condoned her infidelity.

The parties to the action were married April 18, 1925. They have four children, the youngest seven years of age and the oldest fourteen. They apparently lived

happily together until July 28, 1939, when the husband became suspicious of his wife's conduct. The following day when he questioned her concerning her relations with other men she acknowledged that she had been having illicit intercourse on different occasions up to and including June 23, 1939, with a Dr. Carr. Following her confession she went to her home in York for the purpose of telling her parents of her wrongdoing and her husband's knowledge thereof, and obtain their advice as to the best course for her to pursue.

The parties exchanged letters and phone calls during the wife's absence and pursuant to an arrangement they made she returned to Pittsburgh on the evening of August 14, 1939, after an absence of two weeks. The husband met her at the station and they went to a hotel, where, after some discussion, they signed an agreement making mutual promises in considerable detail respecting their future conduct toward one another and then returned to their home.

The following day they both visited the office of Dr. Blair, who, according to the husband's testimony, examined his wife and reported that she was suffering from an acute venereal disease. When asked by her husband if she had been infected by Dr. Carr, the respondent replied that she had not. She then confessed that on the night of July 28, 1939 she had intercourse with a Polish man by the name of William Vinoverski with whom she had never had a previous acquaintance. That was the first knowledge the husband had of this illicit relationship. He refused to take his wife home and drove her to a hotel. The next morning she returned to her parents in York.

The wife, who had the burden of showing condonation, attempted to prove that she and her husband had sexual relations at the hotel and at their home the night she came to Pittsburgh. The testimony satisfies us, as it did the court below, that her statements as to those

475

occurrences were false. Condonation of adultery is defined by the Act of 1929, May 2, P. L. 1237, §52, 23 PS §52, as follows: "In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in the evidence, that the libellant has......admitted the respondent into conjugal society or embraces after he or she knew of the criminal fact,......it shall be a good defense and a perpetual bar against the same."

It will be observed that knowledge is the condition precedent of condonation. The evidence here clearly establishes that the husband had no knowledge of his wife's committing adultery with Vinoverski on July 28, 1939, until August 15. There is no evidence whatever that thereafter this husband and wife cohabited together. We said in *Frank v. Frank,* 99 Pa. Superior Ct. 183, 187: "Granting that libellant condoned the adultery of January 26th by occupying the common bed after he learned of it, there is no proof that he knew of the later breach until after they had ceased to live together. Knowledge is an essential element of condonation (*Gosser v. Gosser,* 183 Pa. 499 [38 A. 1014]; 19 C. J. 84); it is expressly so made by the act., Moreover, the repetition of the offense after condonation revives the original offense: *Tallery v. Tallery,* 215 Pa. 281, 285 [64 A. 523]; 19 C. J. 88." See, also, *Koch v. Koch,* 62 Pa Superior Ct. 607; *Homrich v. Homrich,* 75 Pa. Superior Ct. 598.

The wife denied that Dr. Blair examined her and although she admitted she had been ill she attributed her physical condition to an infection in her kidneys. Dr. Blair corroborated the husband, who testified that an examination had been made and contradicted other salient features of her testimony.

It is unnecessary to further discuss the unpleasant details of the wife's offenses and the lack of proof of condonation, as we are all fully convinced, from our

476

independent examination of this record, that the learned court below very properly granted the decree of divorce.

Decree affirmed.