## Davis *v.* Davis, Appellant.

Argued April 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, RHODES, HIRT and KENWORTHEY, JJ.

William J. Graham, with him Clyde P. Bailey, for appellant.

H. A. Robinson, of Dickie, Robinson & McCamey, for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

We have no doubt whatever that the lower court had power to terminate payments of alimony pendente lite and limit payment to respondent for costs of appeal and attorney fees upon its entering a decree granting an absolute divorce. As that is the only question before us it follows there is no merit to this appeal.

Shortly after the husband filed the libel in divorce the court ordered him to pay $125 counsel fees and expenses and alimony pendente lite in the sum of $15 per week. An additional sum of $50 for counsel fees was thereafter ordered. On March 4, 1941, the court entered an order terminating the alimony pendente lite effective as of May 14, 1940, the date the divorce was granted and directed the libellant to pay the respondent the sum of $200 for the prosecution of her appeal, and dismissed an attachment previously issued. The case came to us and we affirmed the decree of the court below. See *Davis v. Davis*, 145 Pa. Superior Ct. 473, 21 A. 2d 419.

The lower court's authority to order the termination of payments for alimony pendente lite, attorney fees, and costs, while an appeal is pending, has been expressly recognized. In *White v. White*, 106 Pa. Superior Ct. 85, 161 A. 464, we stated, p. 89: "While an appeal

ordinarily suspends the operation of the decree of the court below and such court may not in any way interfere with the jurisdiction of the appellate court, a decree for alimony pendente lite, counsel fees and expenses does not interfere with the jurisdiction of the appellate court or in any way affect the decree appealed from." See, also, *Schofield v. Schofield, (No. 2),* 51 Pa. Superior Ct. 579.

In *Foust v. Foust,* 144 Pa. Superior Ct. 513, 516, 19 A. 2d 517, the appellant objected to the awarding of additional counsel fees and costs after an appeal had been taken to this court. We held there that an order for counsel fees is a collateral matter to the appeal in a divorce proceeding and it was within the discretion of the lower court, notwithstanding the pending of an appeal, to make such order pertaining thereto as it sees fit and proper.

The order of the court below is affirmed at appellant's costs.