## Waltier v. Waltier

*Therman P. Britt,* for plaintiff.
*Elmer L. Menges,* for defendant.

DANNEHOWER, J., November 15, 1944.—The statement of claim in assumpsit, as amended, alleges that on May 1, 1940, this court directed defendant to pay to plaintiff the sum of $30 monthly as alimony pendente lite; that defendant complied with said direction until January 8, 1943, but that from that date until March 3, 1944 (the date on which the Superior Court affirmed our decree granting defendant a divorce), defendant failed and refused to make further payments; and

claims the sum of $420, representing 14 months' alimony.

Defendant questions the sufficiency of the statement, by averring that it reveals no contractual relationship, actual or implied, between the parties, and that consequently the procedure followed is inappropriate to enforce such a claim.

Defendant also alleges that the statement is defective in that it fails to set out in full the order of court directing the payment of alimony, but as he admits by his affidavit the fact that an order was made defendant cannot raise such a question as to the form of plaintiff's pleading.

Therefore, the question for decision is whether assumpsit is an appropriate remedy to recover unpaid accumulated items of alimony pendente lite.

The order for payment of alimony was made by authority of The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, as amended by the Act of May 25, 1933, P. L. 1020, 23 PS §46, which provides: "In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

And it seems well settled that decrees for alimony pendente lite may be enforced by attachment for contempt in proper cases: Herman v. Herman, 29 D. & C. 241 (1937) ; see also Ramsey v. Ramsey, 37 D. & C. 362 (1939), Stump v. Stump, 46 D. & C. 529 (1942). Of course, a court may not see fit to exercise its discretion to issue an attachment unless it is alleged and proved that the party liable has the financial ability to pay: Ramsey v. Ramsey, supra. It seems also that the right to an attachment continues after a decree has been granted: Hilt v. Hilt, 9 Dist. 169 (1900).

In a case where an attachment would not lie, the person in whose favor the order is made must have some remedy. The question then narrows down to an

inquiry as to whether the order in plaintiff's favor has the standing of a judgment, upon which an execution may be issued, or whether she has a mere claim which must be asserted by suit.

Section 46 of The Divorce Law, supra, providing for alimony pendente lite, gives no means of collecting payments that may be in arrears. Section 47, providing for the allowance of alimony in cases of divorce from bed and board, does provide that the court may require a respondent to enter security for the payment of such alimony.

Unfortunately, we have been unable to discover any case exactly agreeing with the facts in this case. In commenting on the nature of a wife's claim, the authorities almost invariably make a distinction between cases where the order is for payment of temporary alimony, as here, and cases where the alimony is permanent. Thus, in 17 Am. Jur., Divorce and Separation, §558, the following appears:

"Although a decree for permanent alimony may be made a lien on the husband's property, no such lien can be created in the case of a temporary allowance . . . Ordinarily, an allowance of temporary alimony, being interlocutory in character, does not constitute a judgment on which execution can be issued, nor is it a decree in equity for the payment of money. Such an order is usually enforced by imprisonment for contempt of court. Owing to the fact that the order is not a final and conclusive judgment, it is not sufficient to sustain an action of debt for its enforcement, either in the domestic forum or in that of another jurisdiction." See also 1 R. C. L., Alimony, §54.

On the other hand, in regard to "permanent" alimony it is said in 17 Am. Jur., Divorce and Separation, §658:

"A decree for alimony is generally considered as much a debt of record as any other judgment for money. Accordingly, the wife in whose favor an allowance has

been made occupies the position of a judgment creditor of her husband, and as such, she is entitled to avail herself of all the remedies given to judgment creditors. Thus, she is entitled to the issuance of execution to enforce the payment of the award, and the same may be levied on the personal property of her husband or on his real estate if necessary." See also 1 R. C. L., Alimony, §97.

At this point it might well be observed that while in the instant case the order was merely for temporary alimony, that is, during the pendency of the divorce suit, now that the suit has been terminated defendant's liability under said order has become fixed and liquidated. While it is true that this court, while the appeal was pending, had jurisdiction to entertain an application for either modification or revocation of the order: Davis v. Davis, 149 Pa. Superior Ct. 153 (1942) ; no such application was made by him, and we are forced to treat the issues involved in the allowance of the alimony as already resolved and final. Therefore, at least for the purposes of this case, the decree for alimony should be treated as final, as it can no longer be appealed from and is not subject to modification.

In Hurley v. Hurley, 10 D. & C. 278 (1928), a wife was permitted, upon petition in divorce proceedings, to have arrears of alimony (the particular kind does not appear) entered as a judgment and to have execution against real estate the title to which was vested in libellant and respondent as tenants by entireties, in accordance with the Act of May 24, 1923, P. L. 446, 48 PS §137. A similar ruling was made in Sittler v. Sittler, 17 Leh. L. J. 251 (1937), where alimony was allowed in a divorce from bed and board.

There is, curiously, a lack of clear authority for the issuance of execution in enforcement of orders for alimony pendente lite. The explanation probably lies in the existence of the swift and effective remedy of attachment of the person for contempt, which is custom-

arily employed. There appears to be no statute specifically authorizing execution against property in enforcement of awards of alimony pendente lite, counsel fees and expenses. However, an order awarding alimony pendente lite, counsel fees, and expenses is a final order. It is an order in personam. From it an appeal lies, and suit may be brought in a foreign State. To refuse execution against property on such an order would require, as the only means of securing compliance, the attachment of the person for contempt. This would be contrary to the enlightened view which prefers execution against property to attachment of the person.

A number of statutes relating to maintenance and support of a wife by her husband may properly be construed to confer the right of execution for alimony, although they do not expressly use that term. We think the wife can take advantage of the provisions of the Act of May 10, 1921, P. L. 434, 48 PS §136, which contains language similar to the Act of May 24, 1923, P. L. 446, 48 PS §137, which provides in part: "Whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requiring him to pay any sum or sums for the support of his wife or children or both, the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce said order, decree, or judgment, and the said court may issue a writ of attachment execution, or writ in the nature of attachment execution, against any money or property to which said husband is entitled . . ."

It may therefore be said that the above act is applicable to alimony pendente lite, counsel fees, and expenses. It affords full and complete relief of satisfaction by execution. This may be accomplished by an order of the court entering judgment for the arrearages of alimony remaining unpaid. Such an order may be obtained upon a verified petition setting out the unpaid

arrearages: Elmer v. Elmer, 150 Pa. 205 (1892). See also. 2 Freedman, Law of Marriage and Divorce 1004, §460.

No useful purpose can be served in permitting a suit in assumpsit not based on a contract express or implied but on an order of court, where there is no issue to be determined, and especially where the necessary machinery for the collection of an order is provided in the Act of 1921.

And now, November 15, 1944, for the foregoing reasons, the questions of law raised in the affidavit of defense are decided in favor of defendant.