## Horton v. Horton

*Richard C. Snyder,* for libellant.
*Paul A. Koontz,* for respondent.

WRIGHT, P. J., March 30, 1946.—This matter involves a question of pleading in divorce. The libel sets forth that the parties were married in 1928 and from that time until 1939 lived and cohabited together as husband and wife. It is then alleged that respondent committed adultery in 1937. After the customary rule for counsel fees had been disposed of, respondent requested a bill of particulars, which was filed. Respondent now demurs to the libel on the ground that it fails to allege a valid cause for divorce. Her counsel contends that, since the adultery is alleged to have occurred in 1937 and since it is alleged that the parties cohabited until 1939, libellant "has condoned the charges set forth in the libel".

Although The Divorce Law of May 2, 1929, P. L. 1237, makes no provision for a demurrer, there are a number of lower court decisions holding that its use is proper. In the present case, however, we might well rule that respondent has forfeited the right to demur by having first requested a bill of particulars. It should be noted that the demurrer is based upon a defect in the libel itself, not upon a defect which became apparent when the libel was amplified by the bill of particulars. In the latter situation there would be merit in the suggestion (Freedman on Marriage and Divorce,

sec. 567) that the bill of particulars, if inadequate to sustain the charge pleaded, should render the libel defective, notwithstanding the statement in Hepworth v. Hepworth, 129 Pa. Superior Ct. 360, 362, that there is no authority for the filing of a demurrer to a bill of particulars.

We prefer to rest our decision upon a more substantial ground. Section 52 of The Divorce Law, supra, provides as follows:

"In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in the evidence, that the libellant . . . has admitted the respondent into conjugal society or embraces after he or she knew of the criminal fact . . . it shall be a good defense and a perpetual bar against the same."

Condonation as a defense in a suit for divorce is a substantive material fact, and is to be established by a reasonable preponderance of credible testimony. The burden of proof is on respondent: Koch v. Koch, 62 Pa. Superior Ct. 607. Knowledge is a condition precedent of condonation: Davis v. Davis, 145 Pa. Superior Ct. 473. It is readily apparent that condonation would not be established solely by the fact that libellant cohabited with respondent after her commission of adultery. Respondent would also have to allege and prove that at the time of this subsequent cohabitation, libellant had knowledge of the adultery. Such knowledge cannot be presumed from the mere fact of subsequent cohabitation. To hold otherwise would be to improperly shift the burden of proof. We conclude that libellant need not anticipate respondent's defense by pleading lack of knowledge.

*Decree*

Now, March 30, 1946, demurrer overruled, and respondent is allowed 10 days to file an answer.