## Stewart v. Stewart

*J. Boyd Landis*, for plaintiff.

SHUGHART, P. J., October 30, 1952.—The above action in divorce was instituted by the filing of a complaint on November 28, 1950.

The master filed his report recommending that a decree in divorce be entered, on the ground of adultery, on April 27, 1951.

Apparently the case was thereafter placed on the argument list where it remained until October 27, 1952, when it was taken from the argument list and submitted to the court on praecipe by attorney for plaintiff.

From the foregoing, it appears that one and one-half years elapsed between the filing of the master's report and the time that it was submitted to the court. No explanation for the delay in the prosecution of the action appears in the record.

Since the sole ground alleged was adultery it, of course, follows that cohabitation by the parties would result in condonation of the acts and, therefore, prevent the entry of a decree in divorce: Act of May 2, 1929, P. L. 1237, sec. 52, 23 PS §52; Davis v. Davis, 145 Pa. Superior Ct. 473; Bowden v. Bowden, 161 Pa. Superior Ct. 150.

Under these circumstances, therefore, we feel that a decree in divorce should not be entered after this long delay without an affidavit by plaintiff, setting forth the reason for the delay and an averment that there has been no cohabitation between the parties since the action was begun.

And further, so that defendant may have an opportunity to be heard on this matter, it is directed that a rule to show cause why a decree in divorce shall not be granted be issued upon defendant, and that a copy of this opinion be served upon her.

And now, October 30, 1952, at 2 p.m., it is ordered and directed that plaintiff in the above-captioned matter file an affidavit setting forth the reason for the delay in submitting the matter to the court, and including an averment that there has been no cohabitation between the parties from the date of the filing of the complaint to the present time.

It is further ordered and directed that a rule to show cause why a decree in divorce shall not be entered be issued on defendant, this rule to be returnable 10 days after service, and to be served upon defendant together with a copy of this opinion, by registered mail, return receipt requested.