## Dubble v. Dubble

*Thomas A. Ehrgood,* for petitioner.
*Robert C. Rowe,* for respondent.

GATES, *P.J.,* February 28, 1977 — The matter before us is a petition by the wife-defendant in a divorce proceeding for additional counsel fees.

We held a hearing on January 21, 1977, at which petitioner did not appear and at which hearing respondent objected to further proceedings in the absence of petitioner.

We reserved our decision at that time, believing the petition and any further proceedings upon it to be premature.

This divorce proceeding was commenced by the filing of a complaint on May 17, 1974. It is obviously a bitterly contested proceeding.

On July 6, 1976, after hearing, we granted petitioner's request for reasonable counsel fees and expenses in the amount of $375.

Since that time there has been a contested master's hearing on August 23, 1976. There was an additional hearing on September 23, 1976.

On January 3, 1977, the master filed his report recommending that plaintiff be granted a divorce from his wife, petitioner herein.

Thereafter, on January 10, 1977, defendant filed exceptions to the master's report. The exceptions have not been advanced to argument court as of the date of this writing.

On the next day, January 11, 1977, the instant petition for additional counsel fees was filed.

Under the Pennsylvania Divorce Code of May 2, 1929, P.L. 1237, sec. 46, as amended, 23 P.S. §46, we are authorized to allow a wife reasonable counsel fees and expenses in a divorce proceeding. Apart from Pennsylvania constitutional infirmities engendered by the adoption of the Equal Rights Amendment to our Constitution, the act presents procedural difficulties. For example, the act does not say how often a wife may petition the court for counsel fees and expenses, nor does it set

reasonable guidelines for determining the amount and necessity for incurring these expenses. Interpretive case law has left much to the discretion of the hearing court.

It has been held, and we have no doubt that it is fair and just, that a trial court may award additional counsel fees where, at the inception of the divorce proceeding, an amount was allowed and there were subsequent contested proceedings which required considerable professional labor and expenses: Foust v. Foust, 144 Pa. Superior Ct. 513, 19 A.2d 517 (1941); Hare v. Hare, 133 Pa. Superior Ct. 134, 2 A.2d 507 (1938), but where, as here, there are contemplated expenses in addition to those already incurred, including a potential appeal to the Superior Court of Pennsylvania in the event petitioner is not successful in her pursuit of the exceptions, a petition is premature.

There is some case authority for the proposition that counsel fees and expenses cannot be allowed after a final decree has been entered by the court. However, there is equally weighty authority for the proposition that additional counsel fees can be allowed to assist a disappointed wife in a divorce proceeding to argue her appeal before the Superior Court and to order her husband to pay the necessary expenses. These cases have all been conditioned upon a petition being presented prior to the granting of a divorce decree.

It is pure speculation at this point, based on this record, as to what will be reasonable counsel fees and expenses in conjunction with the exceptions already filed, the argument before the Court of Common Pleas of Lebanon County and any appeals from that court's final determination. Thus, in order to avoid repetitious petitions, we hold that

once a petition for counsel fees has been filed, we have the authority to retain jurisdiction of the subject matter and to hold a hearing and determine reasonable counsel fees and expenses to be allowed a wife once the divorce proceedings have terminated. Any other interpretation would allow mischief and abuse of an already burdened judiciary.

Consequently, we shall continue the hearing on the petition until such time as the divorce proceedings are terminated, at which time we shall conduct a hearing and determine what amount should be allowed to the wife for counsel fees and expenses in light of the entire proceedings, less what we have previously allowed at the inception of the case.

### ORDER

And now, February 28, 1977, the hearing on the petition for additional counsel fees and expenses is continued in accordance with the foregoing opinion.