435 A.2d 1278

**Joseph P. FORD, Appellant,**

v.

**Helen Feaster FORD.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed Oct. 16, 1981.

Petition for Allowance of Appeal
Denied March 1, 1982.

Joseph P. Ford, in pro. per.

Richard H. Knox, Philadelphia, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The appellant, Joseph P. Ford, instituted this divorce action on July 27, 1979. Previously, his wife, Helen Feaster Ford, had instituted a similar action against him which resulted in the entry of a Decree in Divorce A.V.M. on December 18, 1979. That decree was the subject of an appeal to this court at No. 202 Philadelphia, 1980, which was dismissed on August 5, 1981. A petition for allocatur in that matter was thereafter filed with the Supreme Court and is currently pending at No. 460 E.D.Misc.Dkt., 1981.

After having appointed a master in the husband's case, the lower court, on January 30, 1980, vacated the appointment of the master and dismissed the action without prejudice to reinstitute it. It assigned, as the reason for its action, the entry of the decree in the other action filed by the wife. The husband's appeal from that order is now before us.

We are of the opinion that the vacation of the order appointing the master was within the discretion of the lower court, but the dismissal of the husband's action was error, although done so without prejudice.

Cross suits in divorce have long been recognized as permissible. *Hilyard v. Hilyard*, 87 Pa.Super. 1 (1926); *Ulizio v. Ulizio*, 96 Pa.Super. 91 (1929).

■ Under the 1961 amendment to Pa.R.C.P. 1130(b), a defendant is now permitted to set forth in his answer under the heading "Counterclaim" a cause of action in divorce or annulment. Thus a party may now, in one action, not only defend against the grant of a divorce sought by his or her spouse, but also may accomplish affirmative action and secure a divorce or annulment. As we interpret that rule, however, it is not mandatory that he do so. In *Betz v. Betz*,

103 Pa.Super. 306, 157 A. 359 (1931), we discussed this subject at length and reached the conclusion that the parties may file cross suits, as distinguished from cross libels in the same action, each seeking to secure a divorce in his or her favor but for separate and distinct reasons, and that one party cannot, by bringing an action, deprive the other party from doing the same. In *Betz,* we also stated that such right existed unless a final decree in divorce has been entered in the other action in which case the court should take cognizance of the decree entered in the other case and not attempt to set aside that judgment.

Here, a final decree has been entered in the wife's case, but since it is on an appeal, we must further consider the effect of that appeal in the light of *Betz.*

■■■ In *Foust v. Foust,* 144 Pa.Super. 513, 19 A.2d 517 (1941), we cited *White v. White,* 106 Pa.Super. 85, 161 A. 464 (1932) for the principle that an appeal ordinarily suspends the operation of a decree in divorce, and we are still of that opinion and apply it in the present case, and therefore hold that dismissal of the husband's action was error. However, this does not mean that the lower court could not control the progress of that case pending disposition of the appeal in the wife's case. This was within its discretionary power. Pa.R. C.P. 1133 places in the hands of the court the right to hear a divorce case or appoint a master to hear the testimony; and its control over cases within its jurisdiction is extended by 42 Pa.C.S.A. § 323 to permit it to make such orders as the interests of justice or the business of the court may require.

■■■ Appellee would have us affirm the lower court in its dismissal of this action on the theory of lis pendens but as previously discussed, the two actions are based on separate grounds and each seeks a different result. We do not accept that argument.

Nor do we decide this case on the jurisdictional question under Pa.R.A.P. 1701 discussed by both appellant and appellee.

■ Appellee also argues that this is not an appealable order and the appeal should be quashed. Although the dismissal of appellant's action was without prejudice, we think that provision does not make it interlocutory. We find no merit in this argument.

That part of the lower court order dismissing this action is reversed and the action reinstated; and further that part of the order vacating the order appointing the master is affirmed. Jurisdiction is not retained.

PRICE, J., concurs in the result.