## Nicholson v. Nicholson

*Chris J. Mitsos,* for plaintiff.
*Charles Cusick and Joanne Ross Wilder,* for defendant.

McCRACKEN, *P.J.,* November 19, 1982—Plaintiff filed this action in divorce. Defendant filed preliminary objections in the form of a petition to strike off the complaint. There is a prior divorce action between the parties at no. 840 of 1981 wherein plaintiff herein is defendant and defendant herein is plaintiff. No decree of divorce has yet been entered in that action.

Defendant advances two bases for striking off the complaint, the first being that local rules of Court 500 (5),(6),(18) and (19) were not complied with. (With respect to subsections (18) and (19), defendant obviously has reference to local rule 501 instead of 500.) We note that rules 500 (5) and (6) apply to amendments to pleadings in a contested divorce and rules 501 (18) and (19) apply to amendments in

pleadings in noncontested divorces. Since we are dealing here with a new and separate complaint filed by plaintiff, who was the defendant in the prior divorce action, and not an amendment, the aforesaid rules cited by defendant have no application.

We note that in her brief, defendant argues that other local rules of court were not complied with respecting notice to the adverse party of intention to present a petition or motion and service thereof after filing same. Since this was not pled in her petition to strike, we should not now consider it. Nevertheless, we find that even if plaintiff were not in compliance with these rules, defendant has shown no prejudice thereby and never asked for additional time in which to respond. In fact, the parties were given an additional week in which to present authority to this court, which was occasioned by the fact that the judge hearing the matter was unable to be present on the date on which argument was originally scheduled.

Defendant's second basis for striking plaintiff's complaint is that of lis pendens alleging that the prior action at no. 840 of 1981 is still pending before this court and is a bar to the instant suit.

Our research discloses that under the old law in Pennsylvania, the filing of cross complaints in the same action was not permitted in divorce cases for the reason that the power to grant divorces is statutory and not from the common law, and the statutes are silent thereon: Starr v. Starr, 78 Pa. Superior Ct. 579 at 581 and 589 (1922). However, parties were permitted to concurrently maintain separate suits for divorce against each other, and the pendency of one suit was not a bar to the institution of a separate suit by defendant against plaintiff, especially since the filing of cross complaints in

the same action was not permitted: Friedman, Law of Marriage and Divorce in Pennsylvania, 2nd Ed., Vol. 2 p. 1160 citing cases.

This appeared to be the state of the law until the passage of a 1961 amendment to Pa.R.C.P. 1130(b) . which permitted a defendant to set forth in his answer, under the heading "Counterclaim," a cause of action in divorce or annulment. However, it was not mandatory that he do so. He could still proceed with a separate action when the right to do so existed unless a final decree in divorce was entered in the other action: Ford v. Ford, 291 Pa. Superior Ct. 381 at 382-383 (1981). Rule 1130 was rescinded effective July 1, 1980 but its pertinent part was reinstituted practically verbatim in Pa.R.C.P. 1920.15(a) which became effective the same date Rule 1130 was rescinded.

The result is that the prior law decided while Rule 1130 was in effect remains authority under the present code and the applicable rules. Thus, a defendant in a divorce suit has the option of filing a counterclaim for divorce in the same action or filing a complaint in a separate action and the prior action is no bar thereto unless a decree in divorce has been granted. Thus, plaintiff herein opted to file a separate action and the prior action not having resulted in a decree of divorce, defendant's petition to strike his complaint will be dismissed.

## ORDER

Now, November 19, 1982, for the reasons set forth in the foregoing opinion, plaintiff's motion to dismiss defendant's preliminary objections to his complaint is hereby granted and defendant is granted 20 days from the date of filing this opinion in which to file her answer thereto.