J-S75022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                  :  PENNSYLVANIA
                                                  :

         v.                              :
                                                  :
                                                  :

JAMES DUBROCK                     :
                                                  :

         Appellant                :  No. 822 WDA 2019

Appeal from the PCRA Order Entered April 29, 2019,
in the Court of Common Pleas of Jefferson County,
Criminal Division at No(s):  CP-33-CR-0000223-2016,
CP-33-CR-0000226-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                FILED MARCH 30, 2020

James Dubrock appeals pro se from the order that denied his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

Previously, this Court summarized the pertinent facts and procedural history as follows:

> On February 29, 2016, a fire was set at the residence of Jason and Kayla Little which they shared with four minor children.  Responding officers located a vehicle registered to [Dubrock] in the general area of the Little residence. [Dubrock] was flown for emergency treatment.  A gasoline container was located nearby after emergency personnel followed a set of footprints from the wrecked vehicle up an embankment.  Law enforcement recovered [Dubrock's] clothing and noted an odor of gasoline.  Video surveillance from the Little residence showed a male come to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

residence at approximately 1:00 am. A few minutes later a bright light is seen as a fire began burning up on the porch. The male is seen running from the residence to a nearby vehicle with a gasoline can in his hand. The clothing worn by the individual was consistent with the clothing recovered from [Dubrock] at the hospital. In addition to the residents of the home[,] fifteen firefighters responded to extinguish the fire.

The Commonwealth initially charged [Dubrock] with eighty offenses at the above-captioned docket numbers. On October 11, 2016, [Dubrock] entered a nolo contendere plea to six counts of arson at CP-33-CR-0000226-2016.

Commonwealth v. Dubrock, 200 A.3d 617 (Pa. Super. 2018), unpublished memorandum at 1-2 (citation and footnote omitted).[1]

On October 19, 2016, the trial court sentenced Dubrock to six consecutive terms of three to twenty years of incarceration—an aggregate term of 18 to 120 years in prison. Thereafter, the trial court denied Dubrock's timely filed post-sentence motion. Dubrock then filed an appeal to this Court in which he raised a challenge to the discretionary aspects of his sentence.

_____

[1] Although Dubrock listed two docket numbers on his single notice of appeal, we find no violation of Commonwealth v Walker, 185 A.2d 969 (Pa. 2018), Commonwealth v. Creese, 216 A.3d 1142 (Pa. Super. 2019), given the circumstances of this case. Initially, we note that the trial court consolidated these cases for trial. See Commonwealth v. Shreffler, 201 A.3d 757, 761 n.12 (Pa. Super. 2018) (concluding quashal is inappropriate when separate dockets had been consolidated by court order). Moreover, as explained above, Dubrock entered his nolo contendere plea to six arson counts at Case No. 226-2016. The Commonwealth withdrew the remaining charges at that docket, as well as all charges at Case No. 223-2016. Thus, we conclude Dubrock's inclusion of Case No. 223-2016 on his notice of appeal is of no significance.

We rejected this claim and affirmed his judgment of sentence on October 31, 2018. Dubrock, supra. Dubrock did not seek further review.

On April 4, 2019, Dubrock filed a pro se PCRA petition. The PCRA court appointed counsel, and, on April 26, 2019, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley 550 A.2d 213 (Pa. Super. 1988) (en banc). In his letter, PCRA counsel explained why the issues Dubrock raised in his petition lacked merit, including counsel's conclusion that the record established Dubrock voluntarily and intelligently entered his nolo contendere plea.

On April 29, 2019, the PCRA court granted PCRA counsel's petition to withdraw and issued Pa.R.Crim.P. 907 notice of its intention to dismiss Dubrock's PCRA petition without a hearing. Dubrock filed a response. By order entered April 24, 2019, the PCRA court denied Dubrock's petition. This appeal followed. Both Dubrock and the PCRA court have complied with Pa.R.A.P. 1925.

The Superior Court's standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. Commonwealth v. Volk, 138 A.3d 659, 661 (Pa. Super. 2016).

In his pro se brief, Dubrock does not provide a separate statement of questions involved. See Pa.R.A.P. 2116(a). Instead, throughout his brief, he

provides a rambling and, at times, repetitive set of issues with regard to each specific constitutional right he believes was violated. See Dubrock's Brief at 11-20.[2] In order to preserve any of these claims, Dubrock had to raise them in his Rule 1925(b) statement. See Commonwealth v. Parrish, ___ A.3d ___ (Pa. 2020), 2020 WL 355016 (discussing history of Pa.R.A.P. 1925). Although not "concise," essentially Dubrock claims in his Rule 1925(b) statement that plea counsel's failure to investigate the case and file appropriate pre-trial motions caused him to enter a nolo contendere plea that was "un-intelligent, coerced, and under threat." Rule 1925(b) Statement, 6/17/19, at 1, ¶ 2 (excess capitalization omitted).[3]

Dubrock's claims essentially involve his averment that plea counsel's alleged ineffectiveness caused him enter his nolo contendere plea.[4] To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable

_____

[2] We note that the Commonwealth did not file a brief.

[3] In his Rule 1925(b) statement, Dubrock also raised the claim that PCRA counsel was ineffective. He may not raise his claim of PCRA counsel's ineffectiveness for the first time on appeal. see generally, Commonwealth v. Ford, 44 A.3d 1190 (Pa. Super. 2012).

[4] "It is well established that a plea of nolo contendere is treated as a guilty plea in terms of its effect upon a given case." Commonwealth v. V.G., 9 A.3d 222, 226 (Pa. Super. 2010).

adjudication of guilt or innocence could have taken place. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Id. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. Id. at 533.

Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Commonwealth v. Kelley, 136 A.3d 1007, 1012 (Pa. Super. 2016). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Id. at 1013. When the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Id.

Here, the PCRA court determined that Dubrock's responses during his written and oral plea colloquies refuted his claim that plea counsel coerced or induced him to enter his plea. The court explained:

> PCRA counsel's analysis was clear and succinct with respect to the voluntariness of [Dubrock's] plea. It warrants expansion in one respect, however, and that is with regard to the nature of the pleas.

[Dubrock] pled "nolo contendere" instead of "guilty," because, as [PCRA counsel] pointed out, [Dubrock] claimed the that the injuries he sustained from a car accident on the night in question left him unable to remember his earlier actions. As the phrase "nolo contendere" connotes, however, he was willing to concede that the Commonwealth's evidence was sufficient to convict him of the charges to which he pled. He made that concession even after hearing the elements of Arson—Danger of Death or Bodily Injury, the facts supporting each of the six counts, and the Court's explanation regarding the meaning and legal ramifications of a nolo plea. [Dubrock] tacitly admitted therefore, that he understood the evidence and expressed his intention not to contest it. The law does not allow him to now undo that admission via a collateral petition. See Commonwealth v. Muhammad, 794 A.2d 378, 384 (Pa. Super. 2002) ("We note that one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements").

In light of the foregoing, i.e., because the pleas in this case were entered knowingly and voluntarily, [Dubrock] does not get to go back and test the evidence to see whether a jury would have agreed with his interpretation of the evidence. [Dubrock] expressly forfeited that right and, just as he cannot rescind his prior admissions, cannot withdraw that prior waiver.

The law recognizes, of course, that an attorney's actions may be so coercive as to overcome a defendant's free will in the plea bargaining process. Here, though, the record speaks of a fully autonomous individual who affirmatively decided to accept a plea deal.

PCRA Court Opinion, 5/29/19, at 1-2.

Our review of the record supports the PCRA court's conclusion that Dubrock voluntarily and knowingly entered his nolo contendere plea. As noted by the PCRA court, Dubrock is bound by the statements he made in his written and oral plea colloquies. See generally, Commonwealth v. Pollard, 832

A.2d 517 (Pa. Super. 2003).  In this appeal, Dubrock essentially attempts to contradict his statements by raising multiple claims of plea counsel's ineffectiveness.  This he cannot do.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020