Commonwealth ex rel. Kurniker, Appellant, *v.* Kurniker.

554 

Argued April 22, 1929. 

 Before TREXLER, KELLER, LINN,
GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. 

*Leonard S. Levin,* and with him *Maurice Finkelhor,*
for appellant.—A separate agreement providing for
support is not terminated by divorce: Muhr's Estate,
59 Pa. Superior Ct. 393; Miller v. Miller, 284 Pa. 414.

*R. G. Bostwick,* and with him *Clyde A. Armstrong,*
of *Thorp, Bostwick, Stewart and Reed,* for appellee,
cited: Heilbron v. Heilbron, 158 Pa. 297.

OPINION BY TREXLER, J., July 2, 1929:
The parties were married in 1894 and lived together
until 1910 when the wife left the husband. Shortly
afterwards the husband signed a document in which it
was provided that all matters in dispute embracing
the claims of each other and the property of each other

should be submitted to arbitrators. The arbitrators decided that the husband should pay to his wife the sum of $45 per month for the support of herself and child. In 1912 the wife made an information against the defendant alleging that he failed to support her and her child and after hearing an order was made on him to pay back-payments of $135 and $45 per month and give bond to comply with the sentence.

In 1913 the husband filed a libel in divorce alleging desertion, but this was refused because it was held that both the parties had consented to the separation. In 1916 the husband made several attempts to have his wife return to his home, but she refused. In 1924, he made a second attempt to secure a divorce which was successful, the matter being tried before a jury. He had continued to pay the sum set by the court each month, but after he secured his divorce he applied to the court to have the order of support vacated. This was done and from that action the appeal is taken. The daughter has attained her majority and is not a factor in the case.

The court, in vacating the order, held that the agreement and award of 1910 were terminated by the offer of the defendant to resume cohabitation and the wife's refusal to yield to his request. We do not think the lower court was required to decide this question.

The original order for support was made under authority given by law and did not require any agreement of the parties to support it. Since the husband in the agreement had agreed to a stipulated sum, it was proper for the court to take that in consideration and fix that sum as the amount he was required to pay under the order of court, if he was of sufficient ability so to do. The fact that the agreement had a clause in which it provided that the parties could by proceedings in law, or equity, enforce its provisions, did not

confer upon the court of quarter sessions, in this case, the right to enforce that contract. If the husband had agreed to convey real estate to his wife or had engaged to do any other act of that nature, she could not have started proceedings in the quarter sessions to have him carry out the contract. Her proper forum was the common pleas. When the order was made upon the defendant, it was made as stated before, under the jurisdiction conferred upon the quarter sessions. When the marriage relation ceased to exist, the order of the court was properly vacated because there was no duty on the husband to pay to this woman's support when she ceased to be his wife. Whether her resort to the quarter sessions for support, or her refusal to accept her husband's offers to have her return to him discharged him from his contract to pay her a certain sum per month, we need not here decide. This is not the proper proceeding to test those questions.

The order of the lower court is affirmed.