## Commonwealth ex rel. v. Wise

*Raymond P. Alexander*, for relator.

*William A. Gray*, for defendant.

SHMIDHEISER, J., January 15, 1940.—A novel and interesting question is raised by this case. The principals were married on November 25, 1930, and cohabited until January 1937, when the separation occurred. On February 25, 1938, an order of $10 a week for the support of the wife was entered against the husband in this court. Thereafter, the husband instituted proceedings of annulment in Court of Common Pleas No. 3 on the ground, apparently, that at the time of their marriage the wife's first spouse was "then living from whom she had not

been lawfully divorced". On October 13, 1939, the husband obtained a final decree annulling the marriage. The husband then filed the present petition to vacate the support order entered against him in this court and a hearing was fixed for November 9, 1939. The day before, November 8, 1939, counsel for the husband was served with a notice that the wife had perfected an appeal to the Superior Court.

The issue we are called upon to determine is whether or not, under these circumstances, we have the power to vacate the order at this time. We think not.

Counsel distinguishes between alimony pendente lite and a support order. He concedes that the right to appeal is an integral part of all (sic) litigation and within the scope of the words "pendente lite", and that alimony continues until the final appeal is ultimately determined. He argues, however, that an order of support is predicated upon the marital status of the parties; that when this status is changed, as it patently must be when an annulment decree is entered, there is no further reason for support.

In behalf of the husband Commonwealth v. Natale, 11 Westm. 3, is cited. There it was held that where, in support proceedings, it clearly appears that the wife had been married before and this former marriage had not been annulled or set aside, and the former husband is still living, defendant (husband) in such case is not obliged to have his marriage declared null and void under the Act of April 14, 1859, P. L. 647, in order to vacate an existing support order. It is a well-established and familiar rule of law in this Commonwealth that a bigamous marriage is void ab initio: Klaas v. Klaas, 14 Pa. Superior Ct. 550.

We are in full agreement with these views. But what have we here before us? There is no evidence before us to show a bigamous marriage. It is not here clearly shown that the wife's former husband was alive at the time of the later marriage or that he is now living or,

indeed, that there exists a bigamous marriage. If these facts were here clearly shown by a preponderance of evidence, we would perforce have had to vacate the order. Whether or not annulment proceedings were instituted or terminated in another court would have made little difference or hardly influenced our decision. It need not now be labored that the husband's duty to support his wife ceases when their marriage is terminated by divorce: Commonwealth ex rel. v. Kurniker, 96 Pa. Superior Ct. 553; or where it is void ab initio as in the case of a bigamous marriage. Maintenance of the wife by the husband is an incident of the marriage relation and the law imposes no duty to furnish support when that relationship is void or has ceased to exist. The order of support is predicated not only on the premise that the wife is entitled to it at the time of its entry, but that the marriage relationship continues to exist, and that she continues to be worthy of support during its pendency: Commonwealth ex rel. v. Crabb, 119 Pa. Superior Ct. 209.

In the case under consideration, however, the husband chooses to rely upon an annulment decree obtained in another court. In that event, the Municipal Court can give it "full faith and credit" only if the action has been finally and definitely concluded. So long as the appeal is pending, we must consider the decree of annulment as interlocutory and not final; otherwise, we should place ourselves in an anomalous position if it were reversed and set aside by the appellate court. If respondent chooses to rely, as he has here, on the effect of the annulment decree, his position is no better than if he had obtained a final decree in divorce from which an appeal had been taken.

For these reasons, we are constrained to dismiss respondent's petition to vacate, without prejudice, however, to his right to present evidence in this tribunal that the wife is unworthy of the present order of support.

And it is so ordered.