## Commonwealth *v.* Scholl, Appellant.

Argued October 3, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, and JAMES, JJ. (RENO, J., absent).

*Orrin E. Boyle,* for appellant.

*Henry K. Vansickle* and *Calvin F. Smith,* for appellee, were not heard.

OPINION BY KELLER, P. J., November 15, 1944:

We think this appeal is governed in principle, and ruled against the appellant, by our decision in *Com. v. MacMaster,* 88 Pa. Superior Ct. 37. We there said, speaking through Judge PORTER, "The court of common pleas had never made an order providing for the payment of alimony pendente lite. *Even if it had,* that action would not have deprived the court below [1] of jurisdiction to prevent the wife becoming a public charge; both orders might have run concurrently *during the pendency of the proceedings: Heilbron v. Heilbron,* 158 Pa. [297], 301," [27 A. 967, 968]. (Italics supplied).

Alimony pendente lite, by its very nature, ceases when the divorce proceeding is finally determined and is therefore no longer *pending.* If a divorce from the bond of matrimony is granted, no matter which party is the libellant, alimony pendente lite stops as soon as

---

[1] The County Court of Allegheny County, having jurisdiction of proceedings for the support of wife and children in that county, as the court of quarter sessions has in other counties of the Commonwealth, except Philadelphia and Allegheny.

the decree becomes absolute; and since the enactment of the Divorce Law of 1929, P. L. 1237, *permanent* alimony in such an action is limited to a respondent wife who is insane. If the divorce is refused, alimony pendente lite stops, as of course, with the termination of the case.

If a wife asks for a divorce from bed and board and the libel is finally dismissed, the order for alimony pendente lite is no longer of force and effect. If the divorce is granted, permanent alimony may be allowed by the court, but the alimony pendente lite ceases on the decree becoming absolute.

The allowance of alimony pendente lite is largely within the sound discretion of the lower court. It is sometimes larger than the permanent alimony allowed a wife libellant on obtaining a divorce from bed and board. See *Rutherford v. Rutherford,* 152 Pa. Superior Ct. 517, 32 A. 2d 921, where we said: "One of the purposes in fixing alimony pendente lite is to award the wife money with which to meet her *expenses* in connection with the litigation, until a final decree is entered, and her permanent alimony is fixed under the decree for divorce from bed and board" (p. 528). With the ending of the litigation those expenses stop.

There has been some uncertainty with respect to the effect upon an order or decree for alimony pendente lite of an appeal to this court from a decree granting or refusing a divorce. The general rule was stated by Judge PORTER, speaking for this court, in *Ponthus v. Ponthus,* 70 Pa. Superior Ct. 39: "The time during which alimony pendente lite may be required by the order to be paid is limited to the pendency of the suit: Heilbron v. Heilbron, 158 Pa. 297. When the court of common pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below. The parties are still husband and wife, and

the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal" (pp. 41, 42). In that case, we affirmed the decree of the court below allowing the wife alimony up to the date when this court affirmed the decree of divorce granted the husband. See *Ponthus v. Ponthus,* 66 Pa. Superior Ct. 257. In *Com. v. Kissinger,* 4 D. & C. 109, the Court of Quarter Sessions of Lackawanna County, (MAXEY, J.) held that an order of that court made for the support of a wife pending an action of divorce brought by her husband remained in effect and would be enforced notwithstanding a decree had been entered by the court of common pleas granting the husband a divorce, from which an appeal to this court had been taken and perfected by the wife, which was still pending and undetermined.

The same reasoning used by Judge PORTER in *Ponthus v. Ponthus,* supra, would ordinarily be applied where the wife filed her libel asking for a divorce from bed and board and was awarded alimony pendente lite, and her libel was subsequently dismissed and she appealed from that decree to this court. In such case her order for alimony pendente lite would, as a result of the appeal, continue in force until the decree of the court below was affirmed, or the lower court, in the exercise of its sound discretion, vacated it.

An order allowing a wife alimony pendente lite may be made by the court below after an appeal has been taken to this court from a decree granting her husband a divorce, which appeal is still pending, (*N. S. White v. Beatrice M. White,* 106 Pa. Superior Ct. 85, 161 A. 464). An order *vacating* a decree awarding alimony pendente lite may likewise be made where the circumstances, in the opinion of the court below, warrant it

(*Davis v. Davis,* 149 Pa. Superior Ct. 153, 154, 27 A. 2d 660), provided it requires payment of the alimony accruing up to the date of the order vacating it. This was done by the Court of Common Pleas of Lehigh County, in *Scholl v. Scholl,* 154 Pa. Superior Ct. 57, 35 A. 2d 528, (an action between the same parties here concerned) and was affirmed by us on the principle that orders for alimony pendente lite are, ordinarily, within the sound discretion of the court below, and no abuse of that discretion had been shown; and because "orders for *support and maintenance* are never static, but are always subject to modification as required by the circumstances." We certainly had no intention of ruling in that case that the vacating of the order for alimony pendente lite would bar the wife from obtaining an order for maintenance and support from the court of quarter sessions if her circumstances should require it.

The dismissal of a wife's libel for divorce from bed and board, even if upheld on appeal, is not an adjudication that she is not entitled to maintenance and support from her husband. That is a matter for the court of quarter sessions to decide. The jurisdiction of the court of common pleas ends with the dismissal of the divorce proceedings and the affirmance of its decree. Hence, if Mrs. Scholl had not appealed from the decree of the Court of Common Pleas of Lehigh County dismissing her libel in divorce, her right to be supported and maintained by her husband would not have been adjudicated against her. In *Wick v. Wick,* 155 Pa. Superior Ct. 528, 39 A. 2d 304 where we reversed the decree of the court below granting the wife a divorce from bed and board, and dismissed her libel, we recognized that she was nevertheless entitled to maintenance and support from her husband, unless her conduct had been such as clearly to forfeit her right to the same.

We held in *Com. ex rel. Maroney v. Maroney,* 121

Pa. Superior Ct. 489, 184 A. 289, that the Municipal Court, which in Philadelphia County has the jurisdiction over orders for support possessed by the court of quarter sessions in all the other counties of the state except Allegheny and Philadelphia, had jurisdiction and authority to make an order for the support of a wife notwithstanding an action for divorce was pending in the common pleas and an order for alimony pendente lite might be obtained there. See also, *Com. ex rel. Shore v. Shore,* 155 Pa. Superior Ct. 548, 39 A. 2d 143.

Order affirmed. Appellant to pay the costs.