Commonwealth ex rel. Rubin *v.* Rubin, Appellant.

Argued June 14, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Desmond J. McTighe,* with him *LeRoy Comanor,* for appellant.

*John F. Solomon, Jr.,* with him *William L. O'Hey, Jr.,* and *Henderson, Wetherill, O'Hey & Horsey,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

In this appeal, we must decide whether an order for alimony pursuant to a decree in divorce from bed and board terminates a prior order for support.

On August 25, 1969, the appellee filed a Complaint in Divorce a.m.e.t. (from bed and board). Pending determination of the matter, an action for nonsupport was instituted by the appellee, and following a hearing, the Honorable Richard S. LOWE of the Court of Common Pleas of Montgomery County entered an Order directing the appellant to pay the sum of $1600.00 a month for the support of his wife. After a hearing, a Master in Divorce recommended the granting of a divorce from bed and board and the award of alimony in the amount of $400.00 per month. An Order of the Court, affirming that recommendation, was entered by the Court on April 1, 1971, divorcing the parties from bed and board and ordering the appellant to pay alimony to his wife in the amount of $400.00 per month.

On October 12, 1971, appellant filed a Petition to Terminate the Support Order on the ground that the subsequent alimony award supplanted the pre-existing support obligation. While that matter was pending, the appellee entered a default judgment against the appellant for $22,400.00 in arrearages, this amount representing the accrued support payments which her husband had refused to pay since the entry of the divorce decree. As a result of the judgment, appellee, on November 14, 1972, attached appellant's stock in the Milton Bradley Co. On September 20, 1973, appellant filed a Petition

to Strike and Set Aside the Judgment and to Stay Execution.

Argument was heard on both petitions on March 30, 1973. Reargument was held before Judges Lowe and Stefan, on January 17, 1974. On February 1, 1974, the lower court dismissed both of appellant's petitions. The instant appeals followed.

In determining that both the prior support order and the award for permanent alimony could exist as supplementary to each other, the lower court, in its Opinion, states: "It is conceded that all parties, including the Court, conceived the alimony award to be in addition to the Support Order." In rationalizing the vitality of both support obligations, the court dismissed the "dictum" of *Heilbron v. Heilbron,* 158 Pa. 297 (1893), and its progeny, which declared as a general proposition that "[a] decree of divorce a.m.e.t. awarding permanent alimony to the wife is a bar to any action for support on behalf of the wife in quarter sessions . . . ." *Marra v. Marra,* 189 Pa. Superior Ct. 180, 184, 149 A. 2d 175 (1959) ; see also, Freedman, *Law of Marriage and Divorce,* 2d ed., §483. This rejection of *Heilbron's* "pristine *dictum*" was grounded upon the belief of the court that since the Legislature continued to provide for remedies in support actions and in alimony awards from a divorce a.m.e.t., and since Constitutional Amendment[1] had abolished the Quarter Sessions Court, "jurisdiction to enter an alimony decree and a support order runs concurrently in the Common Pleas Court."

We do not agree. The reasoning of the court below ignores the basic purposes of each of the remedies hereunder. As we said in *McFarland v. McFarland,* 176 Pa. Superior Ct. 342, 346, 107 A. 2d 615 (1954) : "A divorce from bed and board is no more than a judicial separation. Most of the benefits to be obtained by a wife in

---

[1] Art. V, Section 5 of the Pennsylvania Constitution.

such proceeding flow from an order for permanent alimony under section 47 of the 1929 Act, 23 P.S. §47." In every respect, a limited divorce from bed and board adjudicates only the right of the wife to live separately from her husband, but in the legal sense, she remains his wife. In a support proceeding, the moving party must demonstrate either physical or financial separation. In either respect, "[a]ll of the elements which must be considered in imposing a support order are relevant in determining the award of permanent alimony in an action in divorce a.m.et t., . . . ." *Heymann v. Heymann,* 53 D. & C. 2d 545, 547 (1971). As in civil and criminal support matters, the wife is limited to a maximum of one-third of the husband's income, 23 P.S. §47. The standard employed remains an inquiry into the wife's needs and the husband's ability to pay. Freedman, *Law of Marriage and Divorce,* 2d ed., §§489, 490 (and cases cited therein).

It is this Court's determination that, as in the case of the well-established doctrine of election of remedies, recovery of an order providing for the support of a wife precludes the additional recovery of a second cumulative award under the guise of an alimony decree. Since the original order of support reflected the needs of the wife and the ability of the husband to pay that amount, and since the order of court was not appealed from, we must assume that it was adequate. To now permit the addition of $400 per month to the already substantial order of $1600 per month would circumvent the need of a party seeking an increase or modification of a support order to show by "clear and positive evidence" that a "change of circumstances" has occurred justifying such an increase.

Consistent with prior law, we hold that the entry of a decree of divorce from bed and board and the award of permanent alimony dissolved the prior support order. We believe, however, the court erred in assuming that

the lower amount awarded could supplement the prior order of support. Furthermore, we do not consider the procedure employed in setting an amount for the alimony award was proper. A hearing on both the Complaint in Divorce A.M.E.T. and the alimony claim was held by a court-appointed Master. The law in this Commonwealth expressly prohibits the taking of testimony or the resolution of claims by a Master where "the issues of custody, paternity and support" are concerned. 23 P.S. §36; Pa. R. C. P. 1133. If an order of permanent alimony is to be entered in this case, it will have to be entered by the court, based upon testimony or depositions: *Heymann v. Heymann,* supra.

It is evident from the record and the opinion of the hearing judge that the alimony award of $400.00 a month, though improperly determined, was intended as supplementary to the existing $1600.00 a month support order. Since modifications of support orders are only permissible where there has been a "change of circumstances", we remand the instant case to the court below for an inquiry into the wife's needs and her husband's ability to pay an increased award. A modification of an existing order is justified, however, only when it is supported by "clear and positive" evidence after a hearing on the merits. *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa. Superior Ct. 163, 280 A. 2d 456 (1971).

On the question of arrearages that have accumulated since the date of the decree divorcing the parties from bed and board, we hold that the arrearages should be calculated and due from the date of the decree (the date on which husband reduced his payments); and, pursuant to the Uniform Reciprocal Enforcement of Support Act, Act of May 10, 1951, P. L. 279, as amended, 62 P.S. §2043.1 *et seq.,* failure to pay arrearages would entitle the wife to attach any of her husband's assets in Massachusetts.

Orders reversed, and remanded with a procedendo.

CONCURRING OPINION BY VAN DER VOORT, J.:

I concur in Judge HOFFMAN's majority opinion. I feel that it is important, however, that parties and our trial courts clearly understand the procedural aspects of this Court's actions in this case. When a spouse, who is *already* the beneficiary of a support order, seeks a bed and board divorce decree, that party faces an election of remedies. If no alimony is sought by that party, as part of its divorce action, the support order shall remain in full force and effect, notwithstanding the court's action in the bed and board divorce action. However, if the party seeks alimony pursuant to a bed and board divorce, any alimony order resulting from this action will operate to cancel a pre-existing support order in favor of the party. The election by the support beneficiary to seek alimony is, for all practical purposes, treated by our courts the same as a petition for modification of support. As Judge HOFFMAN has noted, the standard in both actions for inquiry is an examination of one spouse's needs and the ability of the other spouse to pay.