# Commonwealth to the use of Rubin *v.* Rubin, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*LeRoy Comanor* and *Desmond J. McTighe*, for appellant.

*William L. O'Hey, Jr., John F. Solomon, Jr.,* and *Henderson, Wetherill, O'Hey & Horsey,* for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

This appeal arises from proceedings held pursuant to this Court's remand in *Commonwealth ex rel. Rubin v. Rubin,* 230 Pa. Superior Ct. 591, 326 A.2d 578 (1974), hereafter *"Rubin I."* The instant appeal involves the interpretation to be given the Order rendered in *Rubin I.*

On August 25, 1969, appellee filed two actions against appellant: a civil action for Divorce a.m.e.t. (from bed and board), and an action for support. On May 8, 1970, Judge LOWE entered an order directing appellant to pay $1,600 per month for the support of appellee. On April 1, 1971, Judge LOWE entered a Decree in Divorce a.m.e.t., and awarded appellee permanent alimony of $100 per week. Subsequently, appellant filed a petition to terminate

the support order, and appellee entered default judgments for alleged arrearages under the support order. On February 1, 1974, Judge Lowe dismissed appellant's petitions to terminate the support order and to set aside the default judgments. An appeal to this Court was filed on February 21, 1974. We reversed the order of the lower court and remanded with a procedendo. Because of their conflicting views as to the proper interpretation of *Rubin I,* counsel for both parties again appeared before the lower court, and Judge Lowe filed an Opinion on February 21, 1975. The instant appeal followed.

The issue presented by *Rubin I* was whether an award of permanent alimony terminates a prior support order. We first stated that the lower court erred in holding that a support order does not preclude a *cumulative* alimony award: "Consistent with prior law, we hold that the entry of a decree of divorce from bed and board and the award of permanent alimony dissolved the prior support order." 230 Pa. Superior Ct. at 594, 326 A.2d at 580. Thus, we reversed the order of the lower court which validated both the $1600 support order and the $400 alimony award, and remanded with a procedendo. In the instant case, appellant argues that the sentence quoted above amounts to a holding terminating the support order but affirming the alimony award. When taken out of context, the use of the past tense can arguably support a reading that we invalidated the support order. Such an interpretation, however, ignores the remainder of the Opinion and the facts of the case.

First, it was apparent that the trial judge considered the award of alimony as a supplement to the support order. A support order, however, is properly modified only upon proof of "changed circumstances." See *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa. Superior Ct. 163, 280 A.2d 456 (1971). Second, and more important, we stated that the award of alimony had been procedur-

ally defective. Thus, we held that the pre-existing support order survived the subsequent award of alimony. We adhere to the proposition that a decree of divorce from bed and board coupled with an award of permanent alimony will dissolve a prior support order. That rule of law, however, was inapplicable to *Rubin I* because, in effect, no valid award of alimony had ever been entered. See *Rubin, supra* (VAN DER VOORT, J., concurring).

In the instant case, Judge LOWE granted appellant's petitions to strike the default judgments for arrearages on the alimony, but denied the petitions to strike the default judgments entered for support arrearages. This was a proper interpretation of *Rubin I*. In his opinion, Judge LOWE stated: "In determining which of the two orders was intended to survive The Superior Court's adjudication, help is afforded by the language employed in the remand: 'Since modifications of support order are only permissible where there has been a change of circumstances, we remand the instant case to the court below for an inquiry into the wife's needs and her husband's ability to pay an increased award.' . . . The Court speaks of modifying 'support orders' not 'alimony orders.' Moreover, The Superior Court directs this Court to inquire into changed circumstances to determine if 'an increased award' is in order. If the patently meager alimony award were the operative order, there would be no question regarding the appropriateness of an increase. The Superior Court's earlier acknowledgment that the proposed alimony order was only intended to supplement the original support order suggests that the question on remand will be the propriety of an increase in support."

Order affirmed.

VAN DER VOORT, J., concurs in the result.