386 A.2d 15

**COMMONWEALTH ex rel. Donna BROWN, Appellant,**

**v.**

**William Francis BROWN.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1977.

Decided April 13, 1978.

Catherine R. Barone, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order directing appellee to pay $40 per week support for his minor child and retroactively vacating his obligation to pay support to his wife. We reverse and remand for further proceedings.

In 1972 appellee was ordered to pay $60 per week for the unallocated support of his wife and child. In 1975 the award was increased to $88 per week, with the wife to pay off the mortgage on the jointly owned home. Pursuant to proceedings instituted by appellee, a divorce decree was entered by the lower court on December 1, 1975. On January 22, 1976, appellee petitioned the lower court to vacate the support order. Following a hearing, the lower court evidently determined that the wife had not received notice of the December 1 divorce decree, for on February 4, 1976, the court entered an order vacating the decree; it did not rule on the petition to vacate support, presumably because, with the vacation of the decree, the parties were still married. On July 2, 1976,

the court reinstated the December 1, 1975, divorce decree and allowed the wife 30 days to appeal.[1] She did appeal, and on February 2, 1977, this court affirmed. On March 15, 1977, a hearing was held by the lower court in response to another petition by appellee asking that his obligation to support his (by then, former) wife be terminated. The lower court ordered appellee to pay $40 per week support for his child, and terminated his obligation to support his former wife; this order was made retroactive to December 1, 1975, the date of the original divorce decree, with the result that for the period of 60 odd weeks, from December 1, 1975, to March 15, 1977, appellee's former wife was obliged to "remit [to appellee] all arrearages," lower court opinion at 2, at the rate of $48 per week, that is, the difference between the amount she had been receiving ($88 per week) and the amount of the new order ($40 per week). This appeal followed.

-1-

In its opinion, the lower court explained the order to terminate appellant's support retroactively as follows:

> It is well settled in Pennsylvania that a decree in divorce terminates absolutely the obligation to support the wife. Under the circumstances, it has been held proper to vacate a support Order for the wife and to remit all arrearages as of the date of the divorce decree: *Commonwealth ex rel. Kurniker v. Kurniker,* 96 Pa.Super. 553; *Commonwealth ex rel. Lorusso v. Lorusso,* 189 Pa.Super. 403, 150 A.2d 370. That is precisely what this Court did in this case by its Order of March 15, 1977. The wife contends that the Order should not have been made retroactive to December 1, 1975, because the matter was on appeal to the Superior Court, which affirmed the decree of divorce on February 2, 1977. It is difficult to see why the defendant should be penalized because the wife had ap-

1. A copy of the July 2, 1976, order is attached to appellant's brief. The order does not appear in the meager official record, but its validity is uncontested since appellee has not filed a brief with this court.

> pealed the divorce, since the defendant was required to continue paying the original Order for more than a year after he should have received a vacated Order. The affirmance of the divorce by the Superior Court effectively breathed new life into the divorce decree and thereby made it effective as of its date, December 1, 1975. Therefore, the defendant was properly given credit for all payments made for the support of the wife since the date of the divorce decree. Lower court opinion at 1–2.

This statement reflects two mistaken beliefs: (a) that while an appeal from a divorce decree is pending the lower court is without authority to vacate the support order; and (b) that once the proceedings have been finally terminated, the support order may be made retroactive to the date of the original decree.

(a)

It is true that an appeal from a divorce decree suspends the effect of that decree. "When the court of common pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below. The parties are still husband and wife, and the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal." *Ponthus v. Ponthus,* 70 Pa.Super. 39, 41–2 (1918). *And see Commonwealth v. Scholl,* 156 Pa.Super. 136, 39 A.2d 719 (1944). Although *Scholl* and *Ponthus* were cases involving alimony pendente lite rather than support, and although the purpose and standards of the two awards are different, *see Belsky v. Belsky,* 196 Pa.Super. 374, 175 A.2d 348 (1961); *Wargo v. Wargo,* 190 Pa.Super. 356, 154 A.2d 339 (1959), and discussion *infra,* the effect of an appeal from the divorce decree is the same as to both; the appeal "suspends for *all* purposes the operation of the decree" *Commonwealth v. Scholl, supra,* 156 Pa.Super. at 148, 39 A.2d at 720 (emphasis added).

This suspension, however, does not bar the lower court from taking any action whatsoever concerning the parties. The lower court is barred from entering any order premised upon the existence of a final divorce decree. Therefore, while an appeal is pending the court may not terminate support on the basis that the parties are no longer married. However, this does not mean that the court may not terminate support for other reasons. As in other proceedings, the taking of an appeal does not prevent the lower court from proceeding on collateral matters. Pa.R.App.P. 1701(b). The award or termination of alimony pendente lite is collateral to an appeal from a divorce decree, *Commonwealth v. Scholl, supra; White v. White,* 106 Pa.Super. 85, 161 A. 464 (1932), and we see no reason why the same should not be true of a support order. *See Cmwlth. v. Callen,* 165 Pa.Super. 163, 67 A.2d 609 (1949).

 The purpose of a support order is to provide a dependent spouse with a reasonable living allowance. *Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600, 341 A.2d 153 (1975); *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa.Super. 541, 185 A.2d 822 (1974). The obligation of support is imposed as an incident of marital relationship, *Commonwealth ex rel. Roviello v. Roviello,* 229 Pa.Super. 428, 323 A.2d 766 (1974); *Commonwealth ex rel. Lebowitz v. Lebowitz,* 227 Pa.Super. 593, 307 A.2d 442 (1973), and it lasts until that relationship is finally severed. One spouse may not be ordered to pay support if the other spouse's conduct has furnished a valid ground for divorce. *Commonwealth v. Sincavage,* 153 Pa.Super. 457, 34 A.2d 266 (1943). Therefore, if one spouse obtains a divorce, the lower court may on petition by that spouse vacate its earlier support order, even if an appeal from the divorce decree is pending, for it will have been shown that the other spouse's conduct has furnished a valid ground for divorce. *See Callen v. Callen, supra.*[2]

2. It should be noted that the termination of a support order pending appeal need not inhibit the ability of the other spouse, who may be financially dependent, to pursue the appeal. An order terminating

Here, however, no order terminating appellee's obligation to support appellant was entered while the appeal was pending. To the contrary, the lower court refused to enter such an order in response to appellee's January 22, 1975, petition because it had vacated the December 1, 1975, divorce decree and the parties were still married. When on July 2, 1976, the divorce decree was reinstated, appellee did not petition to vacate the support. Whether such a petition, if filed, might have been granted is therefore beside the point. With no petition and order, appellee's obligation to support appellant continued until this court's affirmance of the divorce decree on February 2, 1977.

(b)

After this court's affirmance of the divorce decree the lower court properly terminated appellee's obligation to support appellant, for the parties were no longer married. However, as will be recalled, the court not only terminated support but did so retroactively to December 1, 1975, the date of the original decree, thereby requiring appellant to remit substantial "arrearages." In support of this order the court cited *Commonwealth ex rel. Lorusso v. Lorusso,* 189 Pa.Super. 403, 150 A.2d 370 (1959), and *Commonwealth ex rel. Kurniker v. Kurniker,* 96 Pa.Super. 553 (1929). These cases do stand for the proposition that "a decree in divorce terminates absolutely the obligation to support the wife." Lower court opinion at 1. However, neither one discusses whether a court may enter retroactive orders, as that issue was not presented. In any case, since here appellee's obligation to support appellant had not been terminated, none of the payments received by appellant were improperly re-

the obligation of support does not prevent the court from entering an order awarding alimony pendente lite, *Heilbron v. Heilbron,* 158 Pa. 297, 27 A. 967 (1893); *Belsky v. Belsky, supra.* The purpose of alimony pendente lite is to ensure that a financially dependent spouse will be able to maintain herself pending disposition of her appeal.

*See Jack v. Jack,* 253 Pa.Super. 538, 385 A.2d 469 (1978); *Wiegand v. Wiegand,* 242 Pa.Super. 170, 363 A.2d 1215 (1976); *Kayaian v. Kayaian,* 223 Pa.Super. 103, 297 A.2d 136 (1972).

ceived. There were, therefore, no "arrearages" to be "remit[ted]." Furthermore the order of $88 per week was for appellant and the child, without any allocation, so that appellant could not know how much of the $88 she might be ordered to repay if she lost her appeal. In these circumstances, to uphold the lower court's order that of each $88 payment received during the pendency of the appeal appellant repay $48 would be to condone the sort of unduly harsh result recently condemned in *Commonwealth ex rel. Williams v. Williams,* 242 Pa.Super. 550, 364 A.2d 410 (1976).

-2-

Appellant also contends that the lower court's award of support for the child is inadequate.

The parties were married in October, 1968. Two children were born of the marriage, a son who died in July, 1972, and a daughter, Terry Ann, who was born in August, 1975, and survives. Appellant is not employed. She has a high school education, and before her marriage she worked at a bank and taught in an elementary school. She testified that her only income was the support payments, that she was unable to seek employment due to the poor health of Terry Ann, and that in any case, the cost of a babysitter would equal her potential salary. Appellee testified that he takes home $211 per week, and that his living expenses are $196 per week. It was on this record that the lower court ordered appellee to pay $40 per week for the support of the child.

"It is well settled that the function of this court in reviewing a support order is to ascertain whether there was sufficient evidence to sustain the order, and whether the lower court acted in abuse of its discretion. *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa.Super. 125, 326 A.2d 908 (1974); *Shuster v. Shuster,* 226 Pa.Super. 542, 323 A.2d 760 (1974); *Commonwealth v. Testa,* 226 Pa.Super. 585, 323 A.2d 199 (1974)." *Commonwealth ex rel. Hall v. Hall,* 243 Pa.Super. 162, 165, 364 A.2d 500, 501 (1976).

Although appellee testified that his living expenses totalled $196, N.T. 20, an examination of the expenses he listed

reveals that the total is actually $181. This $15 discrepancy may be significant. Since the case must be remanded, it seems appropriate to require the lower court to reconsider what would be an appropriate order for the support of Terry Ann.

The order of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.