425 A.2d 797

**Joan B. THOMA**

v.

**George M. THOMA, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed Feb. 6, 1981.

---

5.  *Caesar* also dealt with both receiving stolen property and unauthorized use.

Irwin D. Jackson, Pittsburgh, for appellant.

W. Thomas Laffey, Jr., Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The parties were married in 1951, and as of relevant times in this action they are still married. Joan Thoma, appellee, filed a complaint for divorce in November of 1974 and asked for alimony and counsel fees. After a hearing, she was awarded on December 18, 1974, alimony pendente lite in the amount of $400 per month and counsel fees in the amount of $200. On October 25, 1978, appellee petitioned the court for enforcement of the order of December 18, 1974 for alimony pendente lite, and after hearing on November 21, 1978, the court directed appellant, Dr. Thoma, to pay all arrearages then due and additional counsel fees. Appellant then filed a petition for cancellation of alimony pendente lite, and appellee filed, on November 27, 1978, a complaint for support. On February 6, 1979, the court below ordered appellant Dr.

Thoma to pay $500 per month for support of appellee. This support order, at No. 4644 of 1978 (in the lower court), was appealed to our Court on February 23, 1979, at No. 190 April 1979. Appellant's application for supersedeas of the support order was refused below but granted by us on condition that appellant post a $6,000 supersedeas bond.

After a hearing upon the petition for cancellation of alimony pendente lite or in the alternative to dismiss the divorce action, the court below dismissed the said petition by order dated April 16, 1979. An appeal from this order brings the case before us.

At the hearing to terminate the alimony pendente lite on March 3, 1979, before dismissing appellant's petition the court below suggested to the parties that they apply to us for a remand of the support case (at No. 190 April 1979) so that the court could consider both the issue of support and the issue of either terminating the alimony pendente lite or of dismissing the divorce action. The appellant refused the court's suggestion.

When there is an action for divorce as well as one for support, a party may be entitled to alimony pendente lite or to support but may not have both. *Rubin v. Rubin*, 230 Pa.Super. 591, 326 A.2d 578 (1974).[1]

Therefore, the order for alimony pendente lite is terminated, and the supersedeas at No. 190 April 1979 is dissolved. However, the supersedeas bond in the amount of $6,000 shall remain in full force and effect to secure any and all payments that may be decided to be due appellee in either this action, or the action at 190 April 1979, or both.

Order at No. 391 April 1979 vacated. A copy of this Opinion and Order shall be docketed and lodged in the action at No. 190 April 1979.

1. While in *Rubin* the facts are not identical with the instant case, the principle is established therein that a complainant may not have both alimony pendente lite and support.