**Sorber v. Sorber (No. 1)**

*Jon A. Barkman,* for plaintiff.
*Frederick F. Coffroth,* for defendant.

COFFROTH, *P.J.,* May 22, 1984 — In the divorce action, the husband (divorce plaintiff) seeks bifurcation of his claim for divorce from the economic claims of the wife (divorce defendant) set forth in her counterclaim, which the wife opposes. In the domestic action, the wife (domestic plaintiff) seeks a support order for maintenance for herself only, which the husband (domestic defendant) resists.

On February 18, 1983, husband filed the above captioned divorce action, seeking a divorce only under Divorce Code §201 (c) (mutual consent) or §201 (d) (3 year separation — irretrievably broken marriage). In March, in the divorce case, the wife admitted existence of §201 (d) grounds, but also filed a counterclaim for equitable distribution of marital property, counsel fees and expenses, alimony and alimony pendente lite. The husband later sought scheduling of the claim for divorce only, thus bifurcating it from the economic claims, to which the wife objected on the ground that entry of a divorce decree prior to adjudication or settlement of economic issues would preclude obtaining and retaining during the litigation an order for maintenance in the support case above captioned. That issue is before us here for resolution. No motion for master has yet been filed or presented and no other divorce hearings have been held.

On June 20, 1983, the wife filed the above captioned complaint for support. The complaint was dismissed on August 30, 1983, on the department's

recommendation, primarily on the ground that she has substantial assets for self-support. That order is now before us for review on the wife's demand for court hearing in which she seeks a support order of $250 monthly for herself.

The parties have been separated since 1977; they are parents of one son, an adult, now a senior at Penn State University expecting to graduate in six months. The son's college expense of approximately $10,000 annually is paid by the father. The mother does not wish to prejudice or impair the son's college opportunity, but doubts the annual $10,000 cost.

At the time of the conference, plaintiff had $33,000 in savings, and interest income therefrom of $387 monthly, and occupied rent-free a dwelling house owned by defendant's father on which he paid the taxes, insurance and upkeep. She claimed cash living expenses of $683 monthly. At that time, defendant showed a take-home income from the partnership business he operates with his brother of $1,204 monthly, and cash living expense of $1,305. The wife was unemployed, but looking for work; she claims to be partially disabled by reason of an accident at her former employment in Somerset Community Hospital as a result of which she states she is unable to lift more than ten pounds. She received Workmen's Compensation for some time, which has been terminated on the basis of medical evidence that she is fully recovered.

At the hearing it appeared that the wife has been depleting her savings at the rate of $500 per month for living expenses, thus reducing gradually her interest income therefrom to $188 monthly presently. She still occupies the home rent-free but has no other income. Defendant also showed changes in his financial statement; his take-home pay is increased

to $1,426 monthly, living expense is increased to $1,561 monthly, debt is increased from $18,153 to $38,900 but shows savings not previously included as $39,166.

At the hearing, the parties agreed that the bifurcation of issues in the divorce case above referred to may be granted, provided that the support order, if any, to be made in this case shall stand as alimony pendente lite in the divorce case until resolution of the economic claims.

We note the following propositions:

1. Spouses are primarily liable for their own support, to the extent of their ability to pay. Commonwealth ex rel Benedict v. Benedict, 35 Somerset L.J. 211 (1978).

2. An order for alimony pendente lite in divorce is designed to provide for the dependent spouse's maintenance during the divorce litigation. As such, it is virtually a support order and is obtained procedurally through the Domestic Relations Department in the same manner as a support order. See Thomas v. Thomas, 39 Somerset L. J. 157, 160 (1981). Both are governed by the same substantive considerations. Commonwealth ex rel Rubin v. Rubin, 230 Pa. Super 591, 326 A.2d 578 (1974); Yachere v. Yachere, 25 Somerset L. J. 41, 43 (1970). Yet their difference in purpose can affect their duration: a support order, not otherwise modified or terminated, endures until terminated on grounds that the support claimant has given cause for divorce, see Commonwealth ex rel Brown v. Brown, 254 Pa. Super. 410, 386 A.2d 15 (1978) and compare Commonwealth ex rel Murray v. Murray, 34 Somerset L. J. 377 (1978) at headnotes 4 and 5 and footnote [7], or until a divorce is granted, Watson v. Watson, 243 Pa. Super. 23, 364 A.2d 431 (1976). Either of those events terminates the obliga-

tion to support a spouse; in case of divorce, the support order must be terminated and accumulated arrearages remitted as of the date of the final divorce decree. Commonwealth ex rel Lorussa v. Lorusso, 189 Pa. Super. 403, 150 A.2d 370 (1959); Commonwealth ex rel Ankney v. Ankney, 40 Somerset L. J. 220, 230 note [4] (1980). The purpose of alimony pendente lite is to maintain the dependent spouse during the litigation, hence such an order is not terminated until the litigation is at an end; that includes appeal proceedings, Jack v. Jack, 253 Pa. Super. 538, 385 A.2d 469 (1978). It also includes the period of time following a divorce decree required for diligent litigation of economic issues. Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359, 1361 (1983); see also Wilson v. Wilson, 297 Pa. Super. 14, 442 A.2d 1189 (1982). [1] Accordingly, the effect of converting a support order to one for alimony pendente lite allows bifurcation of the proceedings and granting of a divorce before completion of the related economic aspects of the divorce, without terminating the maintenance order for the dependent spouse during the litigation of economic matters.

3. In Shaffer v. Shaffer, 29 D.&C.3d 205 (1981) we held that pre-divorce adjudication of equitable property division was improper; in addition, we expressed antipathy for undertaking proceedings for property division and permanent alimony while the cause for divorce is being contested, thus by implication virtually requiring bifurcation in such cases. Since then, the Superior Court has held that the decision to bifurcate should not be made pro forma,

---

[1] On the effect of an appeal from a divorce decree, see also: Shuda v. Shuda, 283 Pa. Super. 253, 423 A.2d 1242 (1980); Commonwealth ex rel Brown v. Brown and Jack v. Jack, both supra. On the duty of due diligence in pursuing divorce proceedings, see Lamp v. Lamp, reported post page 63.

but only after advantages and disadvantages have been analyzed case by case. Wolk v. Wolk, supra. In the instant case, the defense objection to bifurcation rested on the automatic termination of the support order which would result on entry of a divorce decree before the economic litigation was completed; that result will now be avoided by converting the instant proceeding to one for alimony pendente lite as above explained.[2]

4. With reference to the wife's need to use savings principal for current support, thereby gradually and progressively reducing her current income and resources, all resources of both parties, including unused earning capacities, must be taken into consideration in determining what is a reasonable allowance for comfortable maintenance. See: Commonwealth ex rel Swank v. Swank, 33 Somerset L. J. 209 (1976) and Commonwealth ex rel Farrell v. Farrrell (No. 2), 42 Somerset L. J. 297, 307 (1983). Nevertheless, the comparative impact of the cost of living on the savings of both parties should be weighed in the balance. In this respect, we note that

---

2 When our divorce rules committee made recommendations in early 1983, resulting in issuance of new local divorce rules on July 25, 1983, that committee made the following recommendation (relevant part): "We would recommend that . . . the support rules be amended to provide that upon the granting of a divorce in an action in which ancillary matters are to be considered by a special Master, . . . that any existing support order in favor of a spouse be automatically converted to alimony pendente lite, pending final determination of these ancillary matters. . ." in order not to prejudice the obligee of such support order. Although that recommendation was not adopted, it now appears to be sound in principle, in light of the discussion in the foregoing opinion.

In Oatman v. Oatman, 66 Erie 13 (1983), pre-divorce spousal support order transferred on petition to alimony pendente lite after divorce, without review of merits.

the husband is not required to deplete his savings and that it cannot now be determined how long it will take to resolve economic issues in the divorce case. Compare Gerloff v. Gerloff, 23 D.&C.3d 515 (1982).

5. The support of dependents takes precedence over the expense of college education for a child. See: Commonwealth ex rel Goddard v. Chapman, 38 Somerset L. J. 169, 14 D.&.C.3d 627 (1980); Commonwealth ex rel Farrell v. Farrell (No. 2), supra, 311. Applying this principle here could easily result in a substantial augmentation of the husband's income presently available for spousal support, but the wife does not wish to prejudice or impair the son's present educational opportunity. Although she feels that the amount the husband claims he expends for that purpose is excessive ($10,000 annually) it does not appear so to us in today's economy and she produces no evidence to support her view. It is worth noting, however, that the son's schooling will be over in six months.

While we agree with the wife that her present income (as distinguished from use of principal) is insufficient for her comfortable support, she has earning capacity and must exert herself to obtain some gainful employment. See White v. White, 226 Pa. Super. 499, 313 A.2d 736 (1973).

We think our order is a fair balancing of all present circumstances.

## ORDER

Now, this May 22, 1984, it is decreed as follows:

1. In No. 37 Divorce 1983, the wife's economic claims are severed from the claim for divorce (bifurcated) for purposes of trial. Local Rule No. R18-502 (relating to notice) having been complied with, the divorce decree has been signed this date. A motion

for appointment of a special divorce master may be presented at any time.

2. In No. 230 Domestic 1983, the husband shall pay to the wife as alimony pendente lite the sum of $125 monthly on the 15th day of each calendar month beginning June 15, 1984.

3. Either party may seek review of this order after the son graduates from college.

4. Costs on defendant.